## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-00919 |
| Vivians Restaurant Inc. | ) | |
| | ) | Hon. Michael B. Slade |
| Debtor/Debtor-in-Possession. | ) | |
| | ) | Subchapter V Chapter 11 |

## RULE 9011 CERTIFICATION REGARDING REQUEST FOR EMERGENCY HEARING

I hereby certify, as a member of the Bar of this Court, that I have carefully examined this matter and that there is a true necessity for an emergency hearing.

I certify further that the necessity for this emergency hearing has not been caused by any lack of due diligence on my part but has been brought about only by the circumstances of this case.

Dated this 21st day of January 2026

/s/Scott R. Clar
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 South LaSalle, # 3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com


EXHIBIT
A

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                          )

                             )    Case No. 26- 00919

Vivians Restaurant Inc.         )

                             )    Hon. Michael B. Slade

      Debtor/Debtor-in-Possession.   )

                             )    Subchapter V Chapter 11

## <u>NOTICE OF EMERGENCY MOTION</u>

TO:   ATTACHED SERVICE LIST

      PLEASE TAKE NOTICE that on the 26th day of January 2026 at 9:30 a.m, I will appear before the Honorable Michael B. Slade, Bankruptcy Judge, or any judge sitting in that judge's place, either in Courtroom No. 642, 219 South Dearborn, Chicago, Illinois 60604, or electronically as described below, and present the Emergency Motion of **Vivians Restaurant Inc. for Authority to Use Cash Collateral and for Related Relief**, a copy of which is attached.

      **IMPORTANT:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

      **To appear by Zoom using the internet:** go to this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

      **To appear by telephone,** call Zoom for Government at **1-669-254-5252 Or 1-646-828-7666**. Then enter the meeting ID and password. Meeting ID and passcode.

      **Meeting ID and Passcode**. The meeting ID for this hearing is**: 160 817 7512** and the passcode **is 623389**.  Additional information can be found on Judge Slade's webpage on the court's website: www.ilnb.uscourts.gov/content/judge-michael-b-slade.

      **If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                        By: /s/ Scott R. Clar
                        Crane, Simon, Clar & Goodman
                        135 S. LaSalle St., # 3950
                        Chicago, Illinois 60603
                        (312) 641-6777
                        sclar@cranesimon.com



-1-

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Amended Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration/U.S. Mail/email (as indicated) on the 21st  day of January 2025.

/s/Scott R. Clar

Lotus Funding Group LLC
7 Elmwood Drive, 301-3L
New City, NY 10956
aron@lotusfundinggrp.com

Newco Capital Group VI LLC
333 W Commercial St., #324
East Rochester, NY 14445
collectionsgroup@newcocapital.com

Southern Wine & Spirits
2400 SW 145th Ave., #200
Miramar, FL 33027
customerservice@sgproof.com

Sysco Food Services
1390 Enclave Parkway
Houston, TX 77077
**Dennis.james@sysco.com**

Turano Baking Company
6501 W. Roosevelt Road
Berwyn, IL 60402
srodriguez@turano.com

Winebow
4800 Cox Road, #300
Glen Allen, VA 23060
Ar@winebow.com

YouLend US LLC
1175 Peachtree Street NE
Atlanta, GA 30361
Charise.turner@youlend.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 26- 00919 |
| Vivians Restaurant Inc. ) | |
| ) | Hon. Michael B. Slade |
| Debtor/Debtor-in-Possession. ) | |
| ) | Subchapter V Chapter 11 |

## EMERGENCY MOTION FOR AUTHORITY TO USE
## CASH COLLATERAL AND FOR RELATED RELIEF

Vivians Restaurant Inc. ("Vivians") an Illinois corporation, debtor/debtor-in-possession, ("Debtor") herein, by and through its attorneys, makes its Emergency Motion pursuant to Section 363 of the Bankruptcy Code, Rules 4001(b), and Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rules 4001-2 and 9013-2 of the Local Rules of this Court for Authority to Use Cash Collateral and for Related Relief; and in support thereof, states as follows:

### Introduction

1.   On January 20, 2026, the Debtor filed its voluntary petition for relief under Subchapter V Chapter 11 of the Bankruptcy Code ("Petition Date").

2.   The Debtor is operating its business and managing its financial affairs as debtor-in-possession. A Subchapter V trustee has not yet been appointed to serve in this Chapter 11 case.

3.   By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Newtek Bank and the Small Business Administration (the "Secured Creditors") In this case, the Secured Creditors' cash collateral consists of cash and inventory.

4.      The Debtor is one of six related entities which have simultaneously filed chapter 11 cases. The related entities consist of four (4) operating restaurants and two (2) single asset real estate entities from which two of the restaurant debtors operate. Each of the entities is owned and/or controlled by George Patrick Fowler ("Fowler"). The Debtor intends to move for joint administration of the cases, and possibly substantive consolidation, due to common ownership, common creditors and multiple intercompany transactions.   Fowler is the sole shareholder and president of the Debtor. The related entities are as follows:

A.      Josephines Restaurant Inc.

B       Station Two, LLC

C.      Firehouse Grill Inc.

D.      1932 Central LLC

E.      7452 N. Western Inc.

(the "Related Entities").

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

6.      This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

7.      The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rules 4001(b) and 9011 of the Federal Rules of Bankruptcy Procedure and Rules 4001-2 and 9013(2) of the Local Rules of this Court.

**Relevant Factual Background**

8.      The Debtor is an Illinois corporation which operates a full-service restaurant known as Bluestone, specializing in American cuisine  and is located at 1932 Central

Street, Evanston, Illinois  from premises owned by another related chapter 11 debtor, 1932 LLC.

9.      The Debtor has twenty-nine (29) employees.

10.     The Debtor's Chapter 11 case was filed due to increased foods costs, necessitating the Debtor to enter into high interest, frequent payment loans through merchant cash advance creditors.  The Debtor has also experienced a post-Covid downturn in revenue.

11.     George Patrick Fowler is the sole shareholder and president of the Debtor.

12.     On the Petition Date, cash collateral consisting  of cash and inventory (liquor, food and supplies), was as follows:  a) cash $30,000; and b) inventory 28,300.

13.     Upon information and belief, Newtek is owed approximately $514,000 and the Small Business Administration is owed approximately $346,000.

**Use of Cash Collateral**

14.     In order for the Debtor to continue to operate its business and manage its financial affairs and effectuate an effective plan, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A)      Purchase of Inventory;

B)      Labor;

C)      Insurance;

D)      Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** is the Debtor's 30-day monthly cash flow projections (the "Budget").   The Budget itemizes the Debtor's cash needs during the relevant period.

15.    Use of cash collateral to pay the actual, necessary and ordinary expenses to operate the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

16.    The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Secured Creditors  assert an interest.  The Debtor's proposal will permit the Debtor to sustain its business operations and will adequately protect the purported secured interests of the Secured Creditors.

17.    Unless the Debtor is authorized to use cash collateral in which the Secured Creditors assert an interest, on an emergency basis, the Debtor will be unable to continue to operate its business, thereby eliminating any reasonable prospect for a successful reorganization.  The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

18.    The Debtor proposes to use cash collateral and provide adequate protection to the Secured Creditors upon the following terms and conditions:[1]

A.    The Debtor will permit the Secured Creditors to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

B.    The Debtor shall maintain and pay premiums for insurance to cover the collateral from fire, theft and water damage, as well as  worker's compensation;

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Bankruptcy Court for the Northern District of Illinois are necessary.

C.      The Debtor shall, upon reasonable request, make available to the Secured Creditors evidence of that which purportedly constitutes its collateral or proceeds;

D.      The Debtor will properly maintain the collateral in good repair; and

E.      The Secured Creditors are granted a replacement post-petition lien attaching to the collateral, but only to the extent of their pre-petition liens.

19.      Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion.  The Debtor will make the expenditures set forth on **Exhibit A** to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Secured Creditors  or upon further Order of this Court.

20.      Notice of this Motion has been sent to the Office of the United States Trustee, the secured creditors and the twenty largest unsecured creditors.

### Conclusion

21.      The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

22.      The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby, resulting in immediate and irreparable harm and loss to the estate.

23.      For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, Vivians Restaurant Inc.an Illinois corporation, debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which Newtek Bank and the Small Business Administration assert a lien, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C. Setting a final hearing on this Motion;

D. Granting such other relief as this Court deems just and appropriate

Respectfully submitted,

VIVIANS RESTAURANT INC.

By: /s/Scott R. Clar
One of its attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar   (Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 South LaSalle Street, Suite 3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com

|  | 30 Day Budget |
|---|---|
| **Ordinary Income/Expense** | |
| Income | |
| Discounts | |
| Discounts - Food | $ (4,857.47) |
| Discounts - Liquor | $ (3,108.45) |
| Discounts - Sales Tax | $ 248.00 |
| **Total Discounts** | $ (7,717.92) |
| **Food Sales** | $ 132,090.56 |
| **Liquor Sales** | $ 35,510.46 |
| **Total Income** | $ 159,883.10 |
| **Cost of Goods Sold** | |
| Food Cogs | $ 34,428.00 |
| Liquor Cogs | $ 7,333.27 |
| Merchant Account Fees | $ 46.26 |
| Paper Cogs | $ 1,555.92 |
| Restaurant Supplies | $ - |
| **Total COGS** | $ 43,363.45 |
| **Gross Profit** | $ 116,519.65 |
| Expense | |
| Advertising & Promotion | $ 5,102.08 |
| Bank & Credit Card Expense | $ - |
| Direct Operating | $ 9,412.10 |
| Facility Costs | |
| Equipment Rental | $ 1,170.96 |
| Ins - Property & Casualty | $ 1,811.91 |
| Property Taxes | $ 3,693.01 |
| Rent | $ - |
| **Total Facility Costs** | $ 6,675.88 |
| General & Administrative | $ 2,359.02 |
| Music & Entertainment | $ 775.80 |
| Repairs & Maintenance | $ 830.26 |
| Salaries & Wages | $ 47,523.22 |
| Taxes & Benefits | $ 5,789.86 |
| Utilities | $ 3,730.01 |
| **Total Expense** | $ 82,198.23 |
| **Net Ordinary Income** | $ 34,321.42 |
| **Other Income/Expense** | |
| Other Income | |
| Interest Income | $ 1.07 |
| **Total Other Income** | $ 1.07 |
| **Net Other Income** | $ 1.07 |
| **Net Income** | $ 34,322.49 |

**Beginning Inventory**



| | |
|---|---|
| Food | $ 13,455.66 |
| Liquor | $ 12,457.88 |
| Supplies | $ 2,245.23 |
| Total | $ 28,158.77 |

**Inventory in 30 days**

| | |
|---|---|
| Food | $ 14,100.00 |
| Liquor | $ 13,100.00 |
| Supplies | $ 2,900.00 |
| Total | $ 30,100.00 |

Form G5 (20241101)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )        Case Number:  26-00919
Vivians Restaurant, Inc.                  )
                                          )
                                          )        Chapter:   11
                                          )
                                          )                   Honorable Michael B. Slade
                                          )
                                          )
            Debtor(s)                     )

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL
## ON AN EMERGENCY BASIS

THIS MATTER COMING TO BE HEARD on the Emergency Motion of Vivians Restaurant, Inc. an Illinois corporation, for Authority to Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code on Shortened Notice (the "Motion"). this Court having determined that the Debtor's use of cash collateral to cover the expenditures set forth on Exhibit A attached hereto are necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final or further interim hearing on the Motion;

IT IS HEREBY ORDERED as follows:

A) The Debtor is authorized to use the purported cash collateral of Newtek Bank ("Newtek") and the Small Business Administration ("SBA") during the period January 26, 2026 through February 27, 2026, to the extent set forth on Exhibit A hereto plus no more than ten (10%) percent of the proposed expense payments.

1. The Debtor will permit Newtek and the SBA to inspect the Debtor's books and records upon reasonable notice and within reasonable business hours;

2. The Debtor shall maintain and pay premiums for insurance to cover Newtek and SBA's purported collateral from fire, theft and water damage (the "Secured Parties");

3. The Debtor shall, upon reasonable request, make available to Newtek and the SBA evidence of that which purportedly constitutes Newtek's and the SBA's collateral or proceeds;

4. The Debtor will properly maintain the collateral in good repair and properly manage the Collateral;

5. Newtek and the SBA are granted valid, binding, enforceable and perfected replacement liens and security interests in and on any property of the Debtor or the bankruptcy estate, whether acquired before or after the bankruptcy petition, wherever located (effective and continuing without the necessity of the execution, filing and/or recordation of mortgages, deeds of trusts, security agreements, financing statements or otherwise), to the same extent, validity and priority held by Newtek and the SBA prior to the bankruptcy petition.

B) Notice of this motion given is deemed sufficient.

Form G5 (20241101)

C) A further interim hearing on the Motion is scheduled before this Court on February 23, 2026, 10:00 a.m.

Enter:

Dated: _____

United States Bankruptcy Judge

**Prepared by:**

Scott R. Clar Esq.
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 South LaSalle Street, Suite 3905
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com

|  | 30 Day Budget |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| **Discounts** | |
| Discounts - Food | $ (4,857.47) |
| Discounts - Liquor | $ (3,108.45) |
| Discounts - Sales Tax | $ 248.00 |
| **Total Discounts** | $ (7,717.92) |
| Food Sales | $ 132,090.56 |
| Liquor Sales | $ 35,510.46 |
| **Total Income** | $ 159,883.10 |
| **Cost of Goods Sold** | |
| Food Cogs | $ 34,428.00 |
| Liquor Cogs | $ 7,333.27 |
| Merchant Account Fees | $ 46.26 |
| Paper Cogs | $ 1,555.92 |
| Restaurant Supplies | $ - |
| **Total COGS** | $ 43,363.45 |
| **Gross Profit** | $ 116,519.65 |
| **Expense** | |
| Advertising & Promotion | $ 5,102.08 |
| Bank & Credit Card Expense | $ - |
| Direct Operating | $ 9,412.10 |
| **Facility Costs** | |
| Equipment Rental | $ 1,170.96 |
| Ins - Property & Casualty | $ 1,811.91 |
| Property Taxes | $ 3,693.01 |
| Rent | $ - |
| **Total Facility Costs** | $ 6,675.88 |
| General & Administrative | $ 2,359.02 |
| Music & Entertainment | $ 775.80 |
| Repairs & Maintenance | $ 830.26 |
| Salaries & Wages | $ 47,523.22 |
| Taxes & Benefits | $ 5,789.86 |
| Utilities | $ 3,730.01 |
| **Total Expense** | $ 82,198.23 |
| **Net Ordinary Income** | $ 34,321.42 |
| **Other Income/Expense** | |
| **Other Income** | |
| Interest Income | $ 1.07 |
| **Total Other Income** | $ 1.07 |
| **Net Other Income** | $ 1.07 |
| **Net Income** | $ 34,322.49 |

**Beginning Inventory**



EXHIBIT

P

| | |
|---|---|
| Food | $ 13,455.66 |
| Liquor | $ 12,457.88 |
| Supplies | $ 2,245.23 |
| Total | $ 28,158.77 |

**Inventory in 30 days**

| | |
|---|---|
| Food | $ 14,100.00 |
| Liquor | $ 13,100.00 |
| Supplies | $ 2,900.00 |
| Total | $ 30,100.00 |